UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

United States of America

       v.                                               Crim. No. 2:99-cr-108-1-wks

Eddie Carrasquillo

**REPORT AND RECOMMENDATION**
(Docs. 129, 130, 133, 135, 136)

Defendant Eddie Carrasquillo, proceeding *pro se,* has moved pursuant to 28 U.S.C. § 2255 to set aside his judgment and to correct his sentence for conspiring to distribute and to possess with the intent to distribute heroin in violation of 21 U.S.C. § 846. (Doc. 130.) On September 5, 2000, after pleading guilty to the conspiracy charge, Carrasquillo was sentenced to a 210-month term of imprisonment, to be followed by a three-year term of supervised release. (*Id.* at 2; Doc. 87.) He has completed the custodial term of his federal sentence; however, as described below, he remains in Vermont state custody. (Doc. 130-6 at 1–2.) In his § 2255 Motion, Carrasquillo contends that, under *Johnson v. United States*, 135 S. Ct. 2551 (2015), his federal sentence should be vacated, as he was improperly classified as a career offender under United States Sentencing Guideline (USSG) § 4B1.2. (Doc. 130 at 1.) Carrasquillo has also moved for an evidentiary hearing and twice moved for the appointment of counsel. (Docs. 129, 135, 136.)

Presently before the Court is the government's Motion to Dismiss Carrasquillo's § 2255 Motion as barred by the one-year statute of limitations found in 28 U.S.C. § 2255(f). (Doc. 133). Concluding that Carrasquillo's § 2255 Motion is indeed barred by the one-year statute of limitations, I recommend that the government's Motion be GRANTED and that the § 2255 Motion be DENIED. (Doc. 130.) Given this recommendation, Carrasquillo's Motion for an Evidentiary Hearing should be DENIED (Doc. 135), and his two motions for appointment of counsel should be DENIED as moot. (Docs. 129, 136.)

## Factual and Procedural Background

### I. Underlying Offense

On October 20, 1999, a criminal complaint was filed in this Court charging Defendant Eddie Carrasquillo and several other defendants with crimes involving the possession and distribution of heroin. (Doc. 130-3 at 12, ¶ 1.) Carrasquillo made an initial appearance on October 21, 1999, and he was temporarily detained pending a detention hearing schedule for October 26. (*Id.* ¶ 2.)

A few days later, on October 24, Carrasquillo attempted to escape from custody. Several Vermont correctional officers were injured during the attempt, including one who Carrasquillo stabbed with a sharpened tooth brush. (*Id.* ¶ 3; PSR at 6, ¶ 20.) Carrasquillo was subsequently charged by Vermont state authorities in connection with this escape attempt and convicted after a jury trial of aggravated assault, escape, and kidnapping. (Doc. 99 at 10–12.)

After his escape attempt, on October 28, 1999, the federal grand jury returned an indictment charging Carrasquillo with knowingly and intentionally

possessing, with the intent to distribute, heroin in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (Doc. 130-3 at 12, ¶ 5.) Carrasquillo pleaded not guilty to this charge on November 5, 1999. (*Id.* ¶ 6.)

Subsequently, on May 25, 2000, the grand jury returned a three-count Superseding Indictment. (Doc. 58.) Therein, Carrasquillo was charged with the commission of three offenses: Count One charged Carrasquillo with conspiracy to distribute and to possess, with intent to distribute, heroin in violation of 21 U.S.C. § 846, (Doc. 58 at 1); Count Two charged Carrasquillo with distributing heroin, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, (*id.* at 2); and Count Three charged Carrasquillo with possessing with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (*Id.* at 3; *see also* PSR at 3, ¶ 7.)

On May 30, 2000, Carrasquillo appeared in the district court with counsel and, pursuant to a written plea agreement, pleaded guilty to Count One, the conspiracy charge under 21 U.S.C. § 846. (Doc. 98 at 2, 5–6, 9–10.) The binding plea agreement, entered into pursuant to Fed. R. Crim. P. 11(e)(1)(C), called for the imposition of a 210-month sentence. (Doc. 130-4 at 5; Doc. 98 at 9–10.)

The United States Probation Office prepared a presentence report (PSR) in anticipation of sentencing. Among other factors affecting his offense level, the PSR concluded that Carrasquillo was a career offender under USSG § 4B1.1 because, after he turned 18, he had two prior felony convictions of either a crime of violence or a controlled substance offense. (PSR at 8, ¶ 31.) Specifically, the PSR based his career offender status on two prior Massachusetts convictions: a 1995 conviction for

3

Assault and Battery with a Dangerous Weapon, (PSR at 10, ¶ 38); and a 1999 conviction for Trafficking in a Controlled Substance (Cocaine). (PSR at 11–12, ¶ 41.)

On September 5, 2000, Carrasquillo appeared in the district court for sentencing. The court accepted the Rule 11 binding plea agreement and sentenced Carrasquillo to the agreed-upon 210-month sentence, to be followed by a three-year term of supervised release. (Doc. 99 at 9–10; Doc. 87.) A Notice of Appeal was filed on behalf of Carrasquillo and Carrasquillo also filed a *pro se* Notice of Appeal. (Docs. 92, 93.) On August 7, 2001, the Court of Appeals for the Second Circuit granted the government's motion for summary affirmance. (Doc. 115.)

On the day after his federal sentencing—September 6, 2000—the Chittenden Superior Court imposed the sentences for Carrasquillo's aggravated assault, escape, and kidnapping convictions. (Doc. 122-1 at 8.) The superior court ordered the sentences for the assault and escape convictions to run concurrently with Carrasquillo's federal sentence. (*Id.*) For the kidnapping conviction, however, the superior court imposed a sentence of 20–30 years, to run consecutively to the federal sentence. (*Id.*; Doc. 126 at 3.) Because the superior court imposed a consecutive sentence, although Carrasquillo has completed the custodial portion of his federal sentence, he remains in the custody of Vermont state authorities and his federal term of supervised release has not commenced. (Doc. 130-6 at 1–2.)

## II.   Instant Motion

In his present § 2255 Motion, Carrasquillo claims that his sentence should be vacated or reduced because he was wrongly classified as a career offender under USSG §§ 4B1.1 and 4B1.2, which were mandatory when Carrasquillo was

4

sentenced. (Doc. 130 at 3–4.) More precisely, Carrasquillo argues that his Massachusetts conviction for Assault and Battery with a Dangerous Weapon was improperly considered at sentencing as a predicate conviction for career offender designation under the residual clause of § 4B1.2(a)(2). (*Id.*) He now contends that the residual clause of § 4B1.2(a)(2) is unconstitutionally vague, based on the U.S. Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551.

Carrasquillo is correct that, in *Johnson*, the U.S. Supreme Court struck down a similar residual clause in the Armed Career Criminal Act as unconstitutionally vague, *Johnson*, 135 S. Ct. at 2562, and subsequently held, in *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016), that *Johnson* created a new substantive rule that applied retroactively to cases on collateral review. But Carrasquillo is not correct that *Johnson*'s reasoning manifestly applies to either the residual clause in USSG § 4B1.2(a)(2) or to the Sentencing Guidelines in general. As currently construed by the U.S. Supreme Court, the Guidelines are no longer mandatory, but "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Beckles v. United States*, 137 S. Ct. 886, 892 (2017); *see also United States v. Booker*, 543 U.S. 220, 226 (2005). Because the current Guidelines are advisory and, unlike the Armed Career Criminal Act, "do not fix the permissible range of sentences," the U.S. Supreme Court held in *Beckles v. United States* that "the Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles*, 137 S. Ct. at 892. Thus, at least as to the *advisory* Guidelines, the residual clause in the career offender guideline, or USSG § 4B1.2(a)(2), remains valid after *Johnson*.

5

As noted above, however, Carrasquillo was sentenced when the Sentencing Guidelines were still mandatory. Whether sentencing enhancements imposed during the mandatory-Guidelines regime, such as Carrasquillo's designation as a career offender, may be subject to a vagueness challenge under *Johnson* remains an open question. *See Beckles*, 137 S. Ct. at 903 n.4 (Sotomayor, J., concurring in the judgment) ("The Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment before our decision in [*Booker*] . . . may mount vagueness attacks on their sentences."). Indeed, there is a growing legal debate with regard to this question. *Compare Raybon v. United States*, 867 F.3d 625, 630 (6th Cir. 2017) (holding § 2255 motion was untimely because the application of *Johnson* to mandatory Guidelines was an open question and not a newly recognized right); *United States v. Brown*, 868 F.3d 297, 303 (4th Cir. 2017) ("We hold that Petitioner raises an untimely motion in light of § 2255(f)(3)'s plain language, the narrow nature of *Johnson*'s binding holding, and *Beckles*'s indication that the position advanced by Petitioner remains an open question in the Supreme Court."), *with Cross v. United States*, 892 F.3d 288, 306 (7th Cir. 2018) (concluding that, under *Johnson*, the mandatory sentencing guidelines are "subject to attack on vagueness grounds"). Moreover, the Second Circuit appears ready to wade into this debate, as a case involving the application of *Johnson* to a "career offender" designation under

6

the mandatory Guidelines is currently docketed before the Second Circuit.[1] *See Bryant v. United States*, 16 CV 4986 (VB), 93 CR 645 (VB), 2018 WL 1010212 (S.D.N.Y. Feb. 20, 2018), *appeal docketed*, No. 18-1141 (2d Cir. April 17, 2018).

To resolve this case, however, the Court need not cut through this legal thicket. As noted above, the government has moved to dismiss Carrasquillo's § 2255 Motion, asserting that the Motion is barred by the one-year statute of limitations governing such motions. I conclude that the government's Motion should be granted and that, even assuming arguendo that *Johnson* applies to the residual clause of USSG § 4B1.2(a)(2), Carrasquillo's Motion is barred by the statute of limitations.

## Analysis

### I. Legal Standard

Under 28 U.S.C. § 2255(a), a federal prisoner may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Therefore, relief is available "under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Cuoco v. United States*, 208 F.3d 27, 30 (2d Cir. 2000) (quoting *United States v. Bokun*, 73

---

[1] Presumably, moreover, the Supreme Court's recent decision in *Sessions v. Dimaya*, will further complicate the analysis. 138 S. Ct. 1204, 1223 (2018) (holding residual clause of 18 U.S.C. § 16(b) defining a "crime of violence" was impermissibly vague).

F.3d 8, 12 (2d Cir. 1995)). The petitioner bears the burden of proving that he is entitled to relief by a preponderance of the evidence. *See Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011).

I note also that Carrasquillo proceeds *pro se* and, "[a]s such, his submission must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Rodriguez v. United States*, 206 F. Supp. 3d 862, 864 (S.D.N.Y. 2016) (quoting *Ferran v. Town of Nassau*, 11 F.3d 21, 22 (3d Cir. 1993)); *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks omitted) (observing Court must construe *pro se* submissions "liberally and interpret them to raise the strongest arguments that they suggest"). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Boddie v. N.Y. State Div. of Parole*, 285 F. Supp. 2d 421, 426 (S.D.N.Y. 2003) (quoting *Traguth v. Zuck*, 710 F.2d 90, 96 (2d Cir.1983)). Moreover, "[a]iry generalities, conclusory assertions and hearsay statements will not suffice because none of these would be admissible evidence at a hearing." *United States v. Aiello*, 814 F.2d 109, 113–14 (2d Cir. 1987)

## II. Section 2255's Statute of Limitations

Here, even if the Court interprets Carrasquillo's § 2255 Motion to raise the strongest possible argument, his Motion fails to satisfy the statute of limitations.

To be timely, a motion brought pursuant to 28 U.S.C. § 2255 must be filed within one year of the latest of:

>(1) the date on which the judgment of conviction becomes final;
>
>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Applying the first subsection to the instant case, Carasquillo's conviction became final on November 5, 2001, or 90 days after August 7, 2001, when the Second Circuit issued a mandate dismissing his appeal. (Doc. 115); *see also Rodriguez*, 206 F. Supp. 3d at 865 (observing judgment became final 90 days after Second Circuit issued a mandate, when the time to petition the Supreme Court for certiorari expired). Thus, given that Carrasquillo filed the present Motion well over a year from the date when his conviction became final, § 2255(f)(1) does not aid Carrasquillo's cause.

Likewise, Carrasquillo's apparent reliance on § 2255(f)(2) does not render his motion timely. (Doc. 130 at 11.) His core contention seems to be that defense counsel and the district court impeded his ability to file a § 2255 motion because, at his original sentencing, they misunderstood his argument regarding his predicate assault and battery conviction; namely, that the assault and battery "should have never qualified him as a career offender." (*Id.* at 12, ¶ 3.) But, even if Carrasquillo's characterization of the district court and counsel as mistaken is

9

correct—and the transcript does not support such a characterization (*see* Doc. 99 at 8)—he does not demonstrate that this misunderstanding impeded his ability to file a § 2255 motion within the statute of limitations.  *See Castillo v. Artuz*, No. 99CV 5801(RR), 2000 WL 307373, at *4 (E.D.N.Y. Feb. 15, 2000) (concluding alleged government action did not prevent the filing of habeas action); *see also Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) ("[T]he plain language of the statute makes clear that whatever constitutes an impediment must prevent a prisoner from filing his petition." (emphasis omitted)); *Dunker v. Bissonnette*, 154 F. Supp. 2d 95, 105 (D. Mass. 2001) (requiring a causal relationship between the unconstitutional state action and an impediment to filing the petition).  Similarly, in his reply brief, Carrasquillo appears to argue that the government intentionally elevated his security classification by including false allegations regarding an assault in his PSR,[2] and that this elevated security classification caused him to be placed in a particularly violent prison, which, in turn, made it more difficult to conduct legal research and ultimately impeded his ability to challenge his conviction.  (Doc. 134 at 2–3.)  Not only does this attenuated causal chain defy belief, but also Carrasquillo presents no specific facts to suggest that the violent nature of the prison prevented

---

[2] Although somewhat convoluted, in making his argument, Carrasquillo also appears to argue that, in the prison where he is incarcerated, he is required to provide the prison authorities with copies of his PSR, which includes a section describing criminal charges based on allegations made by an ex-girlfriend.  (Doc. 134 at 2–3; Doc. 134-3; PSR at 13, ¶ 49; *id.* at 14–15, ¶¶ 52–55.)  Although these charges were eventually dismissed by state authorities and were not included in Carrasquillo's career offender determination, (*cf.* PSR at 9–12, ¶¶ 36–42 (listing crimes included in criminal history computation), Carrasquillo claims that the descriptions of the charges in the PSR "impeded [him] from openly going to the law library and fil[ing] his motions." (Doc. 134 at 3.)  Aside from the conclusory assertion that he was impeded, however, Carrasquillo does not state specific facts establishing that he was prevented from filing the present Motion.

him from filing his § 2255 Motion within the statute of limitations. *Aiello,* 814 F.2d at 113 (observing "conclusory assertions . . . will not suffice"); *see also Dunker,* 154 F. Supp. 2d at 105; *Castillo,* 2000 WL 307373, at *4.

Next, to the extent Carrasquillo contends that his § 2255 Motion is timely under § 2255(f)(3) in light of *Johnson v. United States,* his position is meritless. (Doc. 130 at 3–4.) *Johnson* was decided on June 26, 2015, more than one year before Carrasquillo filed the instant § 2255 Motion, (*see* Doc. 130); accordingly, even if the Court concluded that *Johnson* invalidates the residual clause of the mandatory Sentencing Guidelines, Carrasquillo could not satisfy the statute of limitations. *See generally* 135 S. Ct. 2551; *see also* 28 U.S.C. § 2255(f)(3) (requiring motion to be filed within a year of newly recognized right).

Moreover, the plain language of § 2255(f)(3) states that the right must be newly recognized by the Supreme Court and it must be applied retroactively. *Dodd v. United States,* 545 U.S. 353, 357 (2005) ("We must presume that the legislature says in a statute what it means and means in a statute what it says there." (alteration and internal quotation marks omitted)). As discussed above, however, it remains an open question whether or not *Johnson*'s analysis applies to the mandatory-Guidelines. *See Beckles,* 137 S. Ct. at 903 n.4 (Sotomayor, J., concurring in the judgment). *Compare Raybon,* 867 F.3d at 630, *with Cross,* 892 F.3d at 294. Likewise, although the Second Circuit is currently considering the question, *see Bryant,* 2018 WL 1010212, *appeal docketed,* No. 18-1141, it is by no means certain that a vagueness challenge to the mandatory Sentencing Guidelines will prevail or that such a ruling would be applied retroactively. *See, e.g., United States v. Greer,*

11

2018 WL 721675, at *5 (10th Cir. Feb. 6, 2018) ("[T]he only right recognized . . . in *Johnson* was a defendant's right not to have his sentence increased under the residual clause of the ACCA.  The Court . . . has still not decided . . . whether the mandatory Guidelines can be challenged for vagueness . . . , let alone whether such a challenge would prevail."); *United States v. Brown*, 868 F.3d 297, 302 (4th Cir. 2017) ("[T]he *Beckles* Court made clear that the right announced in *Johnson* did not automatically apply to all similarly worded residual clauses.").  As a result, even if Carrasquillo could satisfy the statute of limitations, because the Supreme Court has not yet formally acknowledge the right in a definitive way, Carrasquillo's reliance on § 2255(f)(3) is arguably premature.  *See Dodd*, 545 U.S. at 357 ("An applicant has one year from the date on which the right he asserts was initially recognized by [the Supreme] Court.").

Finally, in Carrasquillo's reply brief, he references § 2255(f)(4) and states that, "[b]y exercising due diligence, 16 years later Carrasquillo was able to discover something the government knew 16 years ago." (Doc. 134 at 5.)  Although unclear, it appears that Carrasquillo's discovery is that the government "[was] well aware" that his prior conviction for assault and battery was not violent. (*Id.*)  Specifically, Carrasquillo bases his claim on transcripts from a Massachusetts state court which, according to Carrasquillo, have been destroyed but that purportedly contained his plea colloquy for the assault and battery conviction and "show[ed] that no violence was used." (*Id.* at 4.)  As with his other claims, however, Carrasquillo provides no specific facts showing that he could not have discovered these transcripts at an earlier date.  Moreover, Carrasquillo's sentencing transcript indicates that the

district court, his counsel, and the government were aware that he objected to the characterization of his prior conduct as a violent assault and battery. (Doc. 99 at 8.) Accordingly, the alleged transcripts merely contain information that supports the claims Carrasquillo made at sentencing; the transcripts do not contain new information that triggers the statute of limitations. *See Rivas v. Fischer*, 687 F.3d 514, 535–37 (2d Cir. 2012) (concluding statute of limitations ran from when the facts were known to defendant or discoverable by him, not from when defendant allegedly formed new conclusion based on those previously discoverable facts).

Based on the foregoing, it is plain that Carrasquillo cannot circumvent the statute of limitations set forth in § 2255(f).

### III.    Equitable Tolling of the Statute of Limitations

Nor is Carrasquillo entitled to equitable tolling of the statute of limitations, which "applies only in the rare and exceptional circumstance[]." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam) (alteration in original) (internal quotation marks omitted). In the Second Circuit, "tolling is appropriate only if [the petitioner] shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance[ ] stood in his way and prevented timely filing." *Jenkins v. Greene*, 630 F.3d 298, 302 (2d Cir. 2010) (first alteration in original) (emphasis omitted) (internal quotation marks omitted). "The term 'extraordinary' refers not to the uniqueness of a party's circumstances, but rather to the severity of the obstacle impeding compliance with a limitations period." *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011). "To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further

13

demonstrate that those circumstances caused him to miss the original filing deadline." *Id.*

Carrasquillo asserts that he was "locked in a cell and isolated for months at [a] time" and that precluded his timely filing. (Doc. 134 at 2.) But, as noted above, he fails to provide proof of his solitary confinement or to relate it to the limitations period. His difficulties in obtaining transcripts add little to his argument. "In general, the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary [or rare] circumstances." *Corrigan v. Barbery*, 371 F. Supp. 2d 325, 330 (W.D.N.Y. 2005); *accord Floyd v. Kirkpatrick*, No. 16-CV-1034 (JFB), 2017 WL 372054, at *4 (E.D.N.Y. Jan. 26, 2017) ("[T]he circumstances [petitioner] has identified as causing his delay—limited access to the law library and facility transfers—do not qualify as 'extraordinary.'"); *Saldana v. Artuz*, No. 99Civ.5089(DC), 2000 WL 1346855, at *2 (S.D.N.Y. Sept. 19, 2000) (spending six months in "lock down" is not an extraordinary circumstance warranting tolling). In short, Carrasquillo's asserted reasons for delay do not qualify as an "extraordinary circumstance" under the law of the Second Circuit. *See Thomas v. Unger*, No. 06CV6578 NG, 2007 WL 539039, at *2 (E.D.N.Y. Feb. 15, 2007) ("[P]etitioner's arguments for equitable tolling—that he was ignorant of the law and had to rely on other inmates for help, lacked education, had difficulty in obtaining court records and receiving mail at the facility—are not 'extraordinary,' as they apply to most inmates."). As a result, Carrasquillo has not

satisfied the demanding standards for the statute of limitations to be equitably tolled.

## IV. Evidentiary Hearing

Section 2255 requires that the district court hold an evidentiary hearing on the petitioner's motion unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Chang v. United States*, 250 F.3d 79, 85 (2d Cir. 2001) ("[A]lthough a hearing may be warranted, that conclusion does not 'imply that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim.'" (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)).) Here, an evidentiary hearing is neither necessary nor warranted, as all the claims raised in Carrasquillo's § 2255 Motion may be resolved on the existing record, which conclusively demonstrates that Carasquillo's Motion is barred by the statute of limitations.

## Conclusion

For the reasons described above, I recommend that Carrasquillo's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 130) be DENIED and that the government's Motion to Dismiss be GRANTED. (Doc. 133.) Likewise, Carrasquillo's Motion for an Evidentiary Hearing should be DENIED. (Doc. 135.) Further, the Court should decline to issue a certificate of appealability because Carrasquillo has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Generally, a movant meets this burden by demonstrating that "reasonable jurists could debate whether . . . the [motion]

should have been resolved in a different manner or that the issues presented [a]re adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).  Given that Carrasquillo's claims are plainly barred by 28 U.S.C. § 2255(f)'s one-year statute of limitations, he has not met this burden.  Finally, because I conclude that Carrasquillo's habeas motion should be denied, Carrasquillo's two Motions to Appoint Counsel (Docs. 129, 136) are MOOT and should also be DENIED.

    Dated at Burlington, in the District of Vermont, this 28th day of August 2018.

                                                     /s/ John M. Conroy
                                                     John M. Conroy
                                                     United States Magistrate Judge

    Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c).  Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision."  *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).